UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
11/5 hrg off

# CIVIL MINUTES - GENERAL

| Case No. | CV 12-8481-PSG (JEMx) | Date | October 17, 2012 |
|---|---|---|---|
| Title | GB Inland Properties, LLC v. Twinstar Group Inc., aka Guadalupe Torres, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:   (In Chambers) Order REMANDING case to state court**

On October 3, 2012 Defendant Seitha Guevara filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff GB Inland Properties, LLC ("Plaintiff"). Dkt # 1. After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 546, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

The well-pleaded complaint rule requires a federal question be evident from the face of the plaintiff's complaint for federal question jurisdiction to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the Complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law, and does not present a federal question. In the notice of removal, Plaintiff asserts that the case involved "questions of both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**
**11/5 hrg off**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-8481-PSG (JEMx) | Date | October 17, 2012 |
|---|---|---|---|
| Title | GB Inland Properties, LLC v. Twinstar Group Inc., aka Guadalupe Torres, *et al.* | | |

Federal and State law," but does not identify a federal law giving rise to Plaintiff's cause of action. Therefore, there is no federal question jurisdiction.

There is also no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Defendant's notice of removal states that there is diversity of citizenship, but does not establish the citizenship of any of the parties. *Not.* 2:9-12. Furthermore, the Complaint states the amount demanded does not exceed $10,000. *Compl.* at 1:12-13. This is far below the statutory requirement that the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction and REMANDS the case to state court.

**IT IS SO ORDERED.**